UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
WILLIAM BRILL,

                    Plaintiff,

- against -

QUEENS LUMBER COMPANY, INC., &
ERIC JOSE VIGIL,

                    Defendants.
-----------------------------------------------------------X

**MEMORANDUM &
ORDER**
10 CV 1975 (DLI)

On April 30, 2010, plaintiff William Brill ("Brill") filed this action against defendants Queens Lumber Company, Inc. ("Queens Lumber") and Eric Jose Vigil ("Vigil"), alleging that that he sustained a serious injury when he was run over by a forklift owned by defendant Queens Lumber and operated by defendant Vigil, an employee of Queens Lumber. Plaintiff contends that defendants were "negligent in the ownership, operation, maintenance and control of the... forklift...[and the] retail lumber yard premises," as well as negligent in the "supervision, hiring, employment, training and monitoring of the defendant's workers, specifically the forklift operator." (Compl.[1] ¶ 13).

Currently pending before this Court is plaintiff's letter motion of August 18, 2011, seeking "appropriate sanctions" against Queens Lumber, pursuant to Rule 37(b)(2)(A), (B) of the Federal Rules of Civil Procedure, for serving verified interrogatory responses that had not been reviewed by the signing witness. (Pl.'s Let.[2] at 1). Plaintiff also seeks to have the Court enter an

---

[1] Citations to "Compl." refer to the plaintiff's Complaint, filed on April 30, 2010.

[2] Citations to "Pl.'s Let." refer to the plaintiff's letter motion for sanctions, dated August 18, 2011 and filed that same day.

1

Order striking defendant Vigil's Answer and entering default judgment against defendant Vigil based on his failure to obey the Court's discovery order of May 27, 2011, and for his failure to appear for his court-ordered depositions on July 26 and July 27, 2011. (Pl.'s Let. at 1).

Defendant Queens Lumber responded to plaintiff's letter motion on August 31, 2011 (see Def.'s Let.[3]), but defendant Vigil has not filed a response.

For the reasons stated below, this Court denies plaintiff's motion with respect to defendant Vigil without prejudice. However, this Court grants plaintiff's motion with respect to defendant Queens Lumber.

## PROCEDURAL BACKGROUND

On February 25, 2011, defendants Queens Lumber and Vigil provided plaintiff with answers to plaintiff's first set of interrogatories. The responses filed on behalf of defendants were signed by Ching Kuei Chen[4] ("Chen"), a Mandarin-speaking manager for Queens Lumber with knowledge of the accident. (Def.'s Let. at 3). According to defendants' counsel, who "does not speak Chinese," he prepared the response for Queens Lumber after speaking with Hue Hung Wong, a secretary and bookkeeper for Queens Lumber, who was "consulting and speaking in Chinese" with Chen. (Id.) Chen signed a verification statement, dated February 28, 2011, in which he swore that he "read the foregoing answers to interrogatories and know[s] the contents thereof, and the same are true to [his] knowledge, information and belief." (Pl.'s Let., Ex. 4). The notarized statement was submitted to plaintiff along with defendants' answers. (Id.)

---

[3]Citations to "Def.'s Let." refer to defendants' August 31, 2011 letter response to plaintiff's August 18, 2011 letter motion seeking sanctions.

[4]Chen states that he is also known as Danny Wong (Pl.'s Let., Ex. 4), and as Danny Chen. (Id., Ex. 5).

2

Following a status conference held before this Court on May 27, 2011, the undersigned ordered defendants to supplement the interrogatory responses from defendant Vigil prior to disclosure of plaintiff's witness statements. The Court also ordered defendants to produce documents and respond to plaintiff's other supplemental interrogatories by June 17, 2011.

Although defendant Vigil failed to answer the supplemental interrogatories directed at him, defendant Queens Lumber provided plaintiff with its responses to plaintiff's supplemental interrogatories on July 13, 2011. As before, Queens Lumber's responses relied in part on information communicated to defendants' counsel by Chen using an interpreter. (See Def.'s Let. at 3). Chen signed a sworn, notarized verification statement, dated July 15, 2011, for this set of interrogatory responses as well. This verification statement contained the same affirmation that Chen "read the foregoing answers to interrogatories and know[s] the contents thereof, and the same are true to [his] knowledge, information and belief." (Pl.'s Let., Ex. 5).

On July 26, 2011, the plaintiff conducted the deposition of Mr. Chen, who testified through a Mandarin interpreter. (Pl.'s Let. at 1-2). Chen testified that his "reading comprehension of English [is] limited and...he did not read the [February 28, 2011 and July 15, 2011] verification forms he signed." (Id. at 1-2). Moreover, Chen testified that he did not read defendants' answers to interrogatories and neither the interrogatory responses nor the verification forms were read or translated for him before he signed them. (See id. at 3 (citing Chen Dep.[5] at 49, 53-55)).

At the status conference held on September 22, 2011, counsel informed this Court of Chen's testimony and counsel's failure to translate the interrogatory responses prior to Chen's

---

[5]Citations to "Chen Dep." refer to the deposition of Ching Kuei Chen, conducted on July 26, 2011. Excerpts are attached to Pl.'s Let. as Exhibit 6.

3

signing the verification. The Court reserved decision on the issue of sanctions, but directed defendant Queens Lumber to cure the defect immediately. Specifically, counsel for Queens Lumber was instructed to meet with Chen and an interpreter, review the interrogatory responses one by one, determine which responses were accurate and which were not, and inform plaintiff's counsel of the results.

With respect to Mr. Vigil, the parties scheduled defendant Vigil's deposition for July 26 and July 27, 2011, even though he had not provided supplemental responses to the plaintiff's interrogatories. However, Vigil failed to appear for his deposition. At the September 22, 2011 status conference, this Court gave defendant Queens Lumber 30 days – until October 24, 2011 – to locate defendant Vigil and provide his responses to plaintiff's interrogatories. The Court further warned that if defendant Vigil failed to comply, an Order of preclusion would enter against him, precluding him from offering testimony in the case. The Court further noted that plaintiff would at that time be free to move for default judgment against him.

To date Mr. Vigil has neither made himself available for deposition nor has he complied with this Court's May 27, 2011 Order directing him to provide plaintiff with responses to plaintiff's supplemental interrogatories. In addition, he has not appeared for several conferences. Despite the diligent and repeated efforts of defendants' counsel and his investigator since May 2011, Queens Lumber has been unable to locate or communicate with Vigil.[6] (See Def.'s Let. at

---

[6]Queens Lumber's counsel represents that he has called plaintiff's last known telephone number, sent regular and certified mail to defendant's last known address, and dispatched an investigator to attempt to contact Vigil in person at that address. (Def.'s Let. at 2). It is unclear whether that address is still valid. Meanwhile, although defendants identified Vigil as "a current employee of Queens Lumber" in their February 25, 2011 responses to plaintiff's first set of interrogatories, defendant's counsel stated that he learned, "[s]ubsequent to the court conference on May 27, 2011," that Vigil had in fact ceased working for Queens Lumber some time in

4

2).

## DISCUSSION

A.   Plaintiff's Motion to Strike Vigil's Answer and Enter Default Judgment

Rule 37 of the Federal Rules of Civil Procedure authorizes a court to impose various sanctions when a party "fails, after being served with proper notice, to appear for [its own] deposition" or "fails to serve its answers, objections, or written response" after being properly served with interrogatories. Fed. R. Civ. P. 37(d)(1)(A)(i-ii); see also Amador v. Andrews, No. 03 CV 0650, 2009 WL 3963964, at *2 (S.D.N.Y. Nov. 19, 2009). Specifically, Rule 37(d)(3) provides that if a party fails to appear for deposition or respond to interrogatories, the Court's response may include any of the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part; or
> (vi) rendering a default judgment against the disobedient party.

Fed. R. Civ. P. 37(d)(3) (referring to the sanction options provided in Fed. R. Civ. P. 37(b)(2)(A)). "Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

---

February 2011. (Def.'s Let. at 2). However, defendants' counsel did not inform plaintiff of this until July 2011. (Pl.'s Let. at 1; Def.'s Let. at 3).

5

Any motion asking the court to impose sanctions against a party for failing to appear for a deposition or respond to interrogatories "must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." Fed. R. Civ. P. 37(d)(2). In considering which, if any, sanction to impose upon a party who fails to appear at a deposition or respond to interrogatories, courts consider: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of noncompliance." Amador v. Andrews, 2009 WL 3963964, at *2 (citing Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009)).

Even though "[d]ismissal under Rule 37 is an extreme sanction, to be imposed only in extreme circumstances," Jones v. Niagara Frontier Trans. Auth., 836 F.2d 731, 735 (2d Cir. 1987), the Second Circuit "has consistently recognized" that where "a party fails to comply with the court's discovery orders willfully, in bad faith, or through fault," striking the pleadings and entering default judgment under Rule 37 is appropriate. S.E.C. v. Setteducate, 419 Fed. Appx. 23, 24 (2d Cir. 2011). Courts in this Circuit have repeatedly affirmed that "severe sanctions may be necessary to avoid a situation where a court seems to 'encourage dilatory tactics, and compliance with discovery orders . . . come[s] only when the backs of counsel and the litigants were against the wall.'" Amador v. Andrews, 2009 WL 3963964, at *2 (quoting Sieck v. Russo, 869 F.2d 131, 134 (2d Cir. 1989) (upholding decision to enter default after defendants failed to appear at their depositions)).

Here, it is undisputed that defendant Vigil failed to appear for his depositions on July 26

6

and July 27, 2011, and has failed to answer plaintiff's supplemental interrogatories. His "willfulness and bad faith are evident from (1) his failure to respond to his counsel's and [p]laintiff's repeated attempts at communication; and (2) his failure to offer any explanation for refusing to complete his deposition or respond to [p]laintiff's discovery requests." Amador v. Andrews, 2009 WL 3963964, at *2 (citing Agiwal v. Mid Island Mortg. Corp., 555 F.3d at 303).

Defendants' counsel contends that due to his office's inability to reach defendant Vigil,[7] "it appears that Vigil is not even aware that he is required to verify plaintiff's supplemental interrogatories specifically directed towards him, let alone that his deposition had been scheduled." (Def.'s Let. at 2). The Court is not persuaded that counsel's inability to contact Vigil alone justifies a denial of sanctions. Mr. Vigil was clearly aware of the existence of this lawsuit and of his status as a defendant in the case, as evidenced by the fact that he provided the initial responses to plaintiff's interrogatories. His subsequent failure to communicate with counsel and his failure to notify the court and counsel of a change in address are evidence of his willful refusal to participate in the case and not a valid excuse. Given defendant Vigil's complete uncooperativeness, a sanction striking his Answer and entering default judgment against him would appear to be appropriate. See, e.g., United States v. Case, 5:06 CV 00570, 2010 WL 3907622, at *2 (N.D.N.Y. Aug. 12, 2010).

Nevertheless, plaintiff's August 18, 2011 letter motion seeking to strike defendant Vigil's

---

[7]It is unclear from the parties' submissions when exactly either of them last communicated with defendant Vigil. However, given that plaintiff's supplemental interrogatories to Vigil were received by defense counsel on April 4, 2011 (see Def.'s Let., Ex. 1), and that defense counsel states that "it appears that Vigil is not even aware that he is required to verify plaintiff's supplemental interrogatories specifically directed towards him" because defense counsel has been unable to reach him, it seems that Vigil has been out of contact for at least nine months.

Answer and enter default judgment against him was filed prematurely and is incomplete in that it lacks the certification required by Rule 37(d)(2). Plaintiff filed his letter motion requesting the imposition of these sanctions shortly after Vigil failed to appear for his deposition, but before this Court's September 22, 2011 conference with the parties in which the Court warned defendants of the consequences of defendant Vigil's continued noncompliance. In that conference, the Court stated that, should Vigil fail to comply by October 24, 2011, an order of preclusion would enter and "plaintiff may move for default" at that time. (See Docket Entry 26). Generally, the court "should not dismiss a [party's] case for failing to appear at a deposition unless it previously gave warning to the [party] that it may do so." See Blum v. City of Yonkers, No. 05 CV 10162, 2011 WL 5252748, at *5 (S.D.N.Y. Nov. 3, 2011) (citing Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759 (2d Cir. 1990) (addressing *pro se* plaintiff)).

Accordingly, the Court finds that, while an Order of preclusion is appropriate at this time, plaintiff's letter motion to strike defendant Vigil's Answer and enter default judgment was premature when it was filed on August 18, 2011, as well as incomplete. If plaintiff now wishes to pursue Rule 37(d) sanctions against defendant Vigil for his failure to appear for his deposition and his failure to respond to interrogatories, plaintiff must file a formal motion for an entry of default with the Clerk of the Court along with the certification mandated by Rule 37(d)(2).

B.  Plaintiff's Motion for Sanctions against Defendant Queens Lumber

Federal Rule of Civil Procedure 33 requires parties to certify their answers to interrogatories with a signed and sworn verification statement. Fed. R. Civ. P. 33(b). Under Federal Rule of Civil Procedure 26, when the court finds that a party has submitted improperly

8

certified discovery responses without substantial justification, "the Court 'must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.'" Kosher Sports, Inc. v. Queens Ballpark Co., LLC, No. 10–CV–2618, 2011 WL 3471508, at *13 (E.D.N.Y. Aug. 5, 2011) (citing Fed. R. Civ. P. 26(g)(3)). In addition, a party who fails to comply with discovery requests, including interrogatories, is subject to the sanctions provided in Fed. R. Civ. P. 37(b)(2)(A)(i-vi) and Fed. R. Civ. P. 37(d)(3), discussed *supra* at 5-6.

Here, it is undisputed that Chen did not read defendant's responses to either plaintiff's first set of interrogatories or supplemental interrogatories. It is also undisputed that the responses were not translated and read to him by an interpreter. Nevertheless, Chen signed sworn verification forms for each set of responses. Although Queens Lumber's counsel contends that this error was not willful or in bad faith, he provides no "substantial justification" that would excuse this egregious violation of Rule 26. See Fed. R. Civ. P. 26(g)(3). Instead, counsel merely asserts that Chen "misunderstood and/or [the] instructions were not properly relayed to him that he should have interrogatory responses and verifications read and translated to him before signing the same." (Def.'s Let. at 3). As an officer of the court, it is incumbent upon counsel to ensure that his witness understands what he is being asked to swear to and sign. It was defendants' counsel's responsibility to ensure that the instructions were "properly relayed" to Chen and that the responses and verifications were read and translated to him before he signed the form swearing to their veracity. Consequently, this Court finds that defendant has submitted improperly certified verifications without substantial justification and orders defendant to

compensate plaintiff for the attorney's fees and costs incurred in an effort to correct this error.

The Court declines to impose harsher sanctions at this time. Generally, parties who submit improperly certified interrogatories receive an opportunity to cure the defect before the court imposes harsh sanctions beyond awarding the opposing party fees and costs, such as striking the pleadings, dismissing the case, or entering default judgment. See Rinsler v. Sony Pictures Entertainment, Inc., No. 02 CV 4096, 2003 WL 22015434, at *4 (S.D.N.Y. Aug. 25, 2003); Tenen v. Winter, No. 94-934S, 1996 WL 947560, at *11 (W.D.N.Y. July 23, 1996). Accordingly, at the conference held on September 22, 2011, this Court Ordered defendants' counsel to cure the defective verification immediately. Thus, at this time, the Court finds it unnecessary to impose harsher sanctions.

## CONCLUSION

For the reasons stated above, this Court hereby issues an Order precluding defendant Vigil from testifying at trial. The Court denies plaintiff's motion to strike Vigil's Answer and enter default at this time, without prejudice to filing a formal motion along with the certification mandated by Rule 37(d)(2).

The Court grants plaintiff's motion for sanctions against defendant Queens Lumber for submitting improperly certified interrogatory responses. Defendant Queens Lumber is Ordered to pay plaintiff the reasonable attorney's fees and costs incurred as a result of defendant's error. Plaintiff is directed to submit an accounting of his fees and costs, along with supporting documentation, by February 24, 2012. If defendant wishes to contest plaintiff's fee and cost

request, opposition papers must be filed by March 2, 2012.

The Clerk is directed to send copies of this Order to the parties either electronically through the ECF system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
February 10, 2012

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York