UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

WILLIAM BRILL,

                      Plaintiff,

                      **MEMORANDUM & ORDER**
      v.                  10-CV-1975 (MKB)

QUEENS LUMBER CO., INC. and ERIC
JOSE VIGIL,

                      Defendants.

-----------------------------------------------------------------x

MARGO K. BRODIE, United States District Judge:

Plaintiff William Brill brought the above-captioned action against Defendants Queens Lumber Co., Inc. ("Queens Lumber") and Eric Jose Vigil, alleging Defendants' negligence caused a forklift operated by Defendant Vigil to run over Plaintiff's feet causing serious injuries. Plaintiff has moved for summary judgment on the issue of liability.[1] The Court heard oral argument on November 30, 2012. For the reasons set forth below, the Court grants Plaintiff's motion for partial summary judgment.

**I.    Background**

Defendant Queens Lumber operates a retail lumberyard in Flushing, Queens, New York ("the Lumberyard"). (Pl. 56.1 ¶ 2; Defs. 56.1 ¶ 2.) Defendant Vigil was employed by Defendant Queens Lumber as a forklift operator. (Pl. 56.1 ¶ 3; Defs. 56.1 ¶ 3.) Plaintiff was employed by JB Building & Supplies Inc., a wholesale lumber supplier, as a truck driver. (Pl. 56.1 ¶ 1; Defs. 56.1 ¶ 1.) On March 18, 2009, Plaintiff delivered lumber to Defendant Queens Lumber at the

---

[1] Plaintiff also requested that, in the alternative, the Court strike Defendant Vigil's Answer and grant a default judgment against Defendant Vigil. In view of the Court's decision, there is no need to reach this issue.

Lumberyard. (Pl. 56.1 ¶ 1; Defs. 56.1 ¶ 1.) Around 7:30 a.m., a forklift driven by Defendant Vigil struck Plaintiff from behind as he was returning to his truck. (Pl. 56.1 ¶ 6; Defs. 56.1 ¶ 6.) The parties dispute whether Plaintiff had come to a complete stop beside his truck at the time of the accident. (Pl. 56.1 ¶ 7; Defs. 56.1 ¶ 7.) According to Plaintiff, he was traveling in the same direction as the forklift and coming to a stop beside his parked truck when the accident occurred. (Pl. 56.1 ¶ 7; Deposition of William Brill ("Brill Dep.") 46:4–12, 49:8–19.) His truck was double-parked directly across the street from the Lumberyard, approximately eight feet from the entrance of the Lumberyard driveway, and he was approximately two steps away from his truck at the time of the accident. (Brill Dep. 38:4–22, 46:4–19, 49:8–15.) Defendants assert that Plaintiff was "standing still near his truck and not traveling" at the time of the accident. (Defs. 56.1 ¶ 7.)

Defendant Vigil was wearing ear-bud headphones in his ears and driving the forklift backwards into the roadway when he struck Plaintiff. (Pl. 56.1 ¶ 8; Defs. 56.1 ¶ 8.) Fellow Queens Lumber employee Alejandro Gomez testified that Defendant Vigil backed the forklift from the Lumberyard warehouse door and into the roadway, stopping once Plaintiff was on the ground. (Deposition of Alejandro Gomez ("Gomes Dep.") 34:4–17.) As a result of the accident, Plaintiff claims he sustained serious injuries, including multiple bone fractures in both feet, which have resulted in multiple surgeries, permanent partial disability, chronic pain, altered gait, and traumatic arthritis in his right ankle, knee and feet. (Pl. 56.1 ¶ 11.) Defendants admit that Plaintiff sustained serious injuries but dispute that Plaintiff has been left with permanent partial disability. (Defs. 56.1 ¶ 11.)

## II. Discussion

### a. Standard of Review

Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Redd v. N.Y. Div. of Parole*, 678 F.3d 166, 174 (2d Cir. 2012); *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011). The role of the court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Cioffi v. Averill Park Cent. Sch. Dist. Bd. of Educ.*, 444 F.3d 158, 162 (2d Cir. 2006) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). A genuine issue of fact exists when there is sufficient "evidence on which the jury could reasonably find for" the non-moving party. *Anderson*, 477 U.S. at 252. The "mere existence of a scintilla of evidence" is not sufficient to defeat summary judgment; "there must be evidence on which the jury could reasonably find for" the non-moving party. *Id.* The court's function is to decide "whether, after resolving all ambiguities and drawing all inferences in favor of the non-moving party, a rational juror could find in favor of that party." *Pinto v. Allstate Ins. Co.*, 221 F.3d 394, 398 (2d Cir. 2000).

### b. Plaintiff Has Established Liability

To prevail on a claim for negligence under New York law, a plaintiff must establish: (1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) "that the breach of that duty constituted a proximate cause of the injury." *Gayle v. Nat'l R.R. Passenger Corp.*, 701 F. Supp. 2d 556, 562 (S.D.N.Y. 2010) (quoting *Ingrassia v. Lividikos*, 864 N.Y.S.2d 449, 452 (App. Div. 2008)); *see also Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 286 (2d Cir. 2006) (listing elements); *Alfaro v. Wal-Mart Stores, Inc.*, 210 F.3d 111, 114 (2d Cir. 2000)

(same); *Bernstein v. Mount Ararat Cemetery Inc.*, No. 11 Civ. 68, 2012 WL 3887228, at *5 (E.D.N.Y. Sept. 7, 2012) (same); *Akins v. Glens Falls City Sch. Dist.*, 53 N.Y.2d 325, 333 (1981) (same). Furthermore, Plaintiff must establish that his injury was foreseeable. *Pinero v. Rite Aid of New York, Inc.*, 743 N.Y.S.2d 21, 22 (App. Div. 2002) ("To establish a claim in negligence, plaintiff must show that the defendant owed her a duty to protect her from injury; a duty that only arises when the risk of harm is reasonably foreseeable."), *aff'd*, 99 N.Y.2d 541 (2002). Plaintiff has established that Defendants were negligent, and there is no evidence in the record from which a jury could reasonably find that Plaintiff was comparatively negligent. Plaintiff is therefore entitled to summary judgment on the issue of Defendants' liability.

### i. Defendant Vigil's Negligence

#### 1. Duty and Breach

Generally, a driver of a motor vehicle has a duty to be aware of his surroundings. *Khan v. Assoc. Deliveries, Inc.*, No. 05 Civ. 2273, 2007 WL 2246092, at *3 (E.D.N.Y. July 31, 2007) ("A driver has a duty 'to see that which she should have seen through the proper use of her senses.'" (citation omitted)); *Larsen v. Spano*, 827 N.Y.S.2d 276, 278 (App. Div. 2006) (stating that the defendant-driver "had a common-law duty to see that which she should have seen through the proper use of her senses"); *see also Silva v. United States*, No. 08 Civ. 4114, 2010 WL 3731172, at *4 (E.D.N.Y. Sept. 20, 2010) ("Drivers must use reasonable care at all times." (quoting N.Y. Pattern Jury Instr.–Civil 2:70 (3d ed.)). Furthermore, a driver has "a statutory duty to use due care to avoid colliding with pedestrians on the roadway." *Barbieri v. Vokoun*, 900 N.Y.S.2d 315, 318 (App. Div. 2010); *see also* N.Y. Veh. & Traf. Law § 1146 ("[E]very driver of a vehicle shall exercise due care to avoid colliding with any bicyclist, pedestrian, or domestic animal upon any roadway and shall give warning by sounding the horn when

necessary."); 34 N.Y.C. R. & Reg. § 4–04(d) ("[T]he operator of a vehicle shall exercise due care to avoid colliding with any pedestrian."). A motorist's duties are breached when a driver fails to be properly aware of his surroundings and fails to use reasonable care to avoid an accident.

### 2. Proximate Cause

An act or omission is regarded as a proximate cause of an injury, "if it was a substantial factor in bringing about the injury, that is, if it had such an effect in producing the injury that reasonable people would regard it as a cause of the injury." N.Y. Pattern Jury Instr.–Civil 2:70 (3d ed.); s*ee Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 123 (2d Cir. 2003) ("Central to the notion of proximate cause is the idea that a person is not liable to all those who may have been injured by his conduct, but only to those with respect to whom his acts were a substantial factor in the sequence of responsible causation . . . ." (internal quotation marks omitted) (quoting *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 769 (2d Cir. 1994))); *Rojas v. City of New York*, 617 N.Y.S.2d 302, 305 (App. Div. 1994) (quoting N.Y. Pattern Jury Instr.–Civil 2:70 (3d ed.)); *see also Derdiarian v. Felix Contracting Corp.*, 51 N.Y.2d 308, 315 (1980) ("To carry the burden of proving a prima facie case, the plaintiff must generally show that the defendant's negligence was a substantial cause of the events which produced the injury."); 8B N.Y. Jur. 2d Automobiles § 1003 ("Even though a motorist may have been negligent in the operation of his or her vehicle, in order to establish liability, it must be shown that there was a causal connection between such negligence and the injuries or damage complained of.").

### 3. Foreseeability

Negligence requires both a reasonably foreseeable danger of injury to another and conduct that is unreasonable in proportion to that danger. A person is only responsible for the

5

results of his or her conduct if the risk of injury is reasonably foreseeable. *Pinero*, 743 N.Y.S.2d at 22 ("Foreseeability of risk is an essential element of a negligence cause of action because a person can only be 'negligent' when the event giving rise to the injury could have been reasonably anticipated — and thus avoided with the exercise of appropriate care."). The exact occurrence or exact injury does not have to be foreseeable, but "injury as a result of negligent conduct must be not merely possible, but be natural or probable." *Moncion v. Infra-Metals Corp.*, 800 N.Y.S.2d 381, 383 (App. Div. 2005) (quoting *Pinero*, 743 N.Y.S.2d at 22); *see also Di Ponzio v. Riordan*, 89 N.Y.2d 578, 583 (1997) ("[T]he law draws a line between remote possibilities and those that are reasonably foreseeable because '[n]o person can be expected to guard against harm from events which are . . . so unlikely to occur that the risk . . . would commonly be disregarded.'" (alterations in original) (citation omitted)).

### 4. Application

Defendant Vigil, as a driver of a motor vehicle, had a duty toward Plaintiff to be aware of his surroundings and to use reasonable care when reversing into the roadway.[2] *See supra* Part II(b)(i)(1). The undisputed facts demonstrate that Defendant Vigil was operating the forklift

---

[2] Neither party briefed the issue of whether the forklift in this case was a motor vehicle. Section 125 of the New York Vehicle and Traffic Law defines a motor vehicle as "[e]very vehicle operated or driven upon a public highway which is propelled by power other than muscular power." N.Y. Veh. & Traf. Law § 125. Section 134 defines a "public highway" as "[a]ny highway, road, street, avenue, alley, public place, public driveway or any public way." N.Y. Veh. & Traf. Law § 134. Under New York Vehicle and Traffic Law, whether or not a forklift qualifies as a motor vehicle depends on whether it was principally designed for use off public roads. *Compare Mangra v. China Airlines, Ltd.*, 790 N.Y.S.2d 370, 372–73 (Sup. Ct. 2005) (holding that a hi-lo forklift used in warehouse and not on public roadway was not a motor vehicle); *with Jebode v. Golden*, 907 N.Y.S.2d 437 (Sup. Ct. 2010) (holding that a forklift used to load and unload trucks on public street and not solely confined to the defendant's cargo building qualified as motor vehicle). The parties appear to assume that the forklift in question was a motor vehicle and applied New York Vehicle and Traffic Law. Since the forklift in question was driven onto a public roadway, the Court finds that application of New York Vehicle and Traffic Law is appropriate.

while wearing headphones. (Pl. 56.1 ¶ 8; Defs. 56.1 ¶ 8.) The testimony of eyewitnesses demonstrates that Defendant Vigil did not stop the forklift before entering the roadway.[3] Jose Silva, an employee of Defendant Queens Lumber, testified during his deposition that he saw Defendant Vigil drive the forklift in reverse until it came to a stop after Plaintiff fell and screamed. (Deposition of Jose Silva ("Silva Dep.") 43:22–44:14.) Alejandro Gomez, another employee of Defendant Queens Lumber, was walking alongside the forklift as it reversed into the roadway and testified that the forklift did not stop until Plaintiff was on the ground. (Gomez Dep. 33:12–34:17.) Moreover, there is no evidence that Defendant Vigil even looked behind him before reversing into the roadway. Neither Silva nor Gomez testified that Defendant Vigil looked behind him to see if the roadway was clear. If Defendant Vigil had looked in the direction he was driving the forklift, it is reasonable to infer that he would not have run over a person directly behind him. There is no dispute that Defendant Vigil failed to use reasonable care when reversing the forklift into the roadway. Indeed, Defendants have not argued that Defendant Vigil was not negligent. Instead, they argue that Plaintiff was comparatively negligent. (Defs. Opp'n Mem. 5–10.) The Court finds that Defendant Vigil breached his duty when he reversed into the street without stopping and while wearing headphones. *See Plaut v. Allright Parking Mgmt., Inc.*, 795 N.Y.S.2d 576, 577 (App. Div. 2005) (holding that the plaintiff's motion for partial summary judgment on the issue of liability should have been granted where evidence demonstrated that the defendant-driver was negligent in backing up the vehicle into the plaintiff-pedestrian without taking adequate precautions).

---

[3] Defendant Vigil did not appear for his deposition and is precluded from offering testimony in this case. (*See* Docket No. 38, Magistrate Judge Pollak's Feb. 10, 2010 Order ("Feb. 10 Order") at 4.)

As a direct result of being hit by the forklift, Plaintiff sustained serious injuries, thus, Defendant Vigil's breach was the proximate cause of Plaintiff's injuries. It was a natural and foreseeable consequence of a motorist's negligently reversing into the roadway that pedestrians might be unable to avoid coming into contact with the negligent motorist. Plaintiff's injuries were a foreseeable result of Defendant Vigil's breach of duty.[4]

### ii. Defendant Queens Lumber's Negligence

For the reasons discussed below, Defendant Queens Lumber is vicariously liable for Plaintiff's injuries caused by Defendant Vigil's negligence as both the owner of the forklift and as Defendant Vigil's employer.

### 1. Owner of Vehicle Liability

The owner of a vehicle is liable for injuries resulting from "negligence in the use or operation of such vehicle, in the business of such owner . . . by any person using or operating the

---

[4] In Plaintiff's moving papers, Plaintiff argues that Defendants violated New York licensing requirements because Defendant Vigil drove the forklift with only a learner's permit and without a supervisor and Defendant Queens Lumber allowed him to do so. (Pl. Mem. 11–12.) Plaintiff argues that this violation establishes that Defendants were negligent *per se*. (*Id.* (citing *Coogan v. Torrisi*, 849 N.Y.S.2d 621, 621 (App Div. 2008)).) The New York Court of Appeals has not yet ruled on whether violations of the restrictions on learner's permits is negligence *per se*, and since the Court finds that Plaintiff established Defendants negligence on other grounds, the Court need not reach this issue. In his reply papers, Plaintiff argues that Defendant Vigil's actions also violated traffic laws requiring the driver of a vehicle backing out of a driveway to stop before crossing a sidewalk and reversing into the roadway, *see* N.Y. Veh. & Traf. Law § 1173, and requiring a driver to not reverse onto the roadway unless it can be done safely and without interfering with other traffic, *see* N.Y. Veh. & Traf. Law § 1211(a), establishing negligence *per se*. (Pl. Reply Mem. 5–6.) Since these arguments were made for the first time in Plaintiff's reply papers, the Court need not consider these arguments. *See Keefe v. Shalala*, 71 F.3d 1060, 1066 n. 2 (2d Cir. 1995) (stating that normally the court "will not consider arguments raised for the first time in a reply brief"); *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993) (stating that "[a]rguments may not be made for the first time in a reply brief"); *Nat'l Labor Relations Bd. v. Star Color Plate Serv.*, 843 F.2d 1507, 1510 n.3 (2d Cir. 1988) (rejecting a party's "attempts to raise for the first time [a new question] in its reply brief"); *Playboy Enters., Inc. v. Dumas*, 960 F. Supp. 710, 720 n.7 (S.D.N.Y. 1997) (stating that a court need not consider arguments made for the first time in a reply brief).

same with the permission, express or implied, of such owner." N. Y. Veh. & Traf. Law
§ 388(1); *see also Khan*, 2007 WL 2246092, at *4 ("Both the owner and operator of a vehicle
can be held negligent for failure to comply with a duty."). Defendant Queens Lumber concedes
that it owned the forklift that Defendant Vigil was operating. (Defs. Counter 56.1 ¶ 1 (referring
to the forklift that hit Plaintiff as one of "Queens Lumber's forklifts").) Therefore, Defendant
Queens Lumber is liable for damages resulting from Defendant Vigil's negligence as the owner
of the vehicle.

### 2. Employer Liability

An employer is "vicariously liable under the doctrine of *respondeat superior* for injuries
resulting from the negligence of employees acting within the scope of their employment."
*Krynski v. Chase*, 707 F. Supp. 2d 318, 329 (E.D.N.Y. 2009) (quoting *McDuffie v. Wilner*, 415 F.
Supp. 2d 412, 419 (S.D.N.Y. 2006)); *see Burlarley v. Wal-Mart Stores, Inc.*, 904 N.Y.S.2d 826,
827 (App. Div. 2010) ("The doctrine of respondeat superior renders an employer 'vicariously
liable for the tortious acts of its employees only if those acts were committed in furtherance of
the employer's business and within the scope of employment.'" (citation omitted)). Factors
relevant to a determination of whether an employee's acts fall within the scope of employment
include "the connection between the time, place and occasion for the act; the history of the
relationship between employer and employee as spelled out in actual practice; whether the act is
one commonly done by such an employee; the extent of departure from normal methods of
performance; and whether the specific act was one that the employer could reasonably have
anticipated." *Burlarley*, 904 N.Y.S.2d at 827 (quoting *Riviello v. Waldron*, 47 N.Y.2d 297, 303
(1979)).

Here, Defendant Vigil was employed by Defendant Queens Lumber as a forklift operator. (Pl. 56.1 ¶ 3; Defs. 56.1 ¶ 3.) Defendant Queens Lumber admits the fact that, at the time of the accident, Defendant Vigil was authorized to operate its forklift and was driving the forklift in the scope of his employment. (Defs. 56.1 ¶ 6 (stating "Vigil was operating a forklift in reverse in the course of his employment with Queens Lumber"); *see* Pl. 56.1 ¶¶ 3–6; Defs. 56.1 ¶¶ 3–6.) Therefore, Defendant Queens Lumber is liable for damages resulting from Defendant Vigil's negligence as the employer of Defendant Vigil.

### iii. Plaintiff's Comparative Negligence

Once Plaintiff establishes a prima facie case of negligence, "the burden shifts to Defendants to set forth facts showing that there is a genuine issue for trial." *Khan*, 2007 WL 2246092, at *5; *Krynski v. Chase*, 707 F. Supp. 2d 318, 322–23 (E.D.N.Y. 2009) ("If the operator cannot come forward with any evidence to rebut the inference of negligence, the plaintiff may properly be awarded judgment as a matter of law." (quoting *Barile v. Lazzarini*, 635 N.Y.S.2d 694 (App. Div. 1995))); *Garcia v. Verizon N.Y., Inc.*, 781 N.Y.S.2d 93, 93 (App. Div. 2004) (stating that after the plaintiffs met their initial burden regarding the defendants' negligence, the "burden shifted to defendants to offer evidentiary proof demonstrating the existence of a material issue of fact requiring a trial" and holding that the defendants failed to raise a triable issue of fact regarding the plaintiffs' comparative negligence). Defendants argue that Plaintiff acted negligently in failing to avoid the collision with Defendant Vigil and therefore was comparatively negligent. (Defs. Opp'n Mem. 7.) Drawing all inferences in favor of Defendants, there is no evidence from which a reasonable jury could conclude that Plaintiff was negligent.

"When a plaintiff's own negligence is a proximate cause of the injuries he sustained, the plaintiff is said to have been 'comparatively negligent,' and the plaintiff's recoverable damages are reduced by his relative share of fault in bringing about his injuries." *Allison v. Rite Aid Corp.*, 812 F. Supp. 2d 565, 569 (S.D.N.Y. 2011) (internal citations omitted). "[W]hile a plaintiff bears the burden of proving that the defendant's negligence was a proximate cause of the alleged harm, the defendant bears the burden of proving that the plaintiff's negligence contributed to the injuries the plaintiff sustained." *Id.* (internal citations omitted); *see also* N.Y. C.P.L.R. § 1412 ("Culpable conduct claimed in diminution of damages . . . shall be an affirmative defense to be pleaded and proved by the party asserting the defense."); *Arbegast v. Bd. of Educ. of S. New Berlin Cent. Sch.*, 65 N.Y.2d 161, 166 (1985) (explaining N.Y. C.P.L.R. § 1412). Defendants are liable for the accident unless they can point to evidence that would allow a reasonable jury to find that Plaintiff acted negligently. *Allison*, 812 F. Supp. 2d at 569; *see also Parady v. Phillips*, No. 07 Civ. 3640, 2008 WL 591868, at *4 (S.D.N.Y. Mar. 5, 2008) ("Under New York law, where a defendant in a motor vehicle accident is indisputably negligent and there is no evidence of comparative fault on the part of the plaintiff, it is appropriate to grant summary judgment on liability in favor of the plaintiff." (footnote omitted)); *Plaut*, 795 N.Y.S.2d at 577 (holding that the court erred in not granting the plaintiff's motion for summary judgment on the issue of liability where the defendants' assertion that the plaintiff was comparatively negligent was "speculative and unsupported by the record"); *Garcia*, 781 N.Y.S.2d at 94–95 (holding that the plaintiffs' motion for partial summary judgment on liability should have been granted where the defendants failed to meet their burden to offer evidence demonstrating the existence of a material issue of fact regarding the plaintiffs' alleged comparative negligence). "[A] genuine issue of material fact as to whether Plaintiff was

11

comparatively negligent in causing the accident will preclude summary judgment in Plaintiff's favor." *Moe v. United States*, 668 F. Supp. 2d 497, 508 (W.D.N.Y. 2009); *Calcano v. Rodriguez*, 936 N.Y.S.2d 185, 186 (App. Div. 2012) ("Binding precedent of the New York Court of Appeals holds that the plaintiff in a negligence action cannot obtain summary judgment as to liability if triable issues remain as to the plaintiff's own negligence and share of culpability for the accident."); *see also Strychalski v. Dailey*, 883 N.Y.S.2d 586, 587 (2009) (citing cases) (denying the plaintiff's summary judgment motion as the plaintiff "failed to establish as a matter of law that he was free from culpable conduct with regard to the causation of his injuries").

In support of their argument that Plaintiff was comparatively negligent, Defendants rely exclusively on the deposition testimony of Gomez who testified that, at the time of the accident, all three of Defendant Queens Lumber's forklifts were equipped with backup alarms that automatically sounded when the machines operated in reverse and all three alarms were operational. (Defs. Opp'n Mem. 7; Gomez Dep. 59:4–60:7.) At the time of the accident, Gomez was walking with Defendant Vigil's forklift, as Defendant Vigil reversed down the driveway. (Gomez Dep. 33:9–37:15.) Gomez never testified that he heard the beep on the forklift driven by Defendant Vigil at the time of the accident or provided any reason to indicate that Plaintiff should have been able to hear and distinguish that backup alarm from the other noises at the Lumberyard. (*Id.*) Defendants argue that since Plaintiff had heard forklift backup alarms on prior visits to the Lumberyard and was wearing a functional hearing aid at the time of the accident, there is a genuine issue of material fact as to whether Plaintiff was comparatively negligent in failing "to take appropriate actions in response to the forklift's backup alarms, including moving his body out of the way of such forklift." (Defs. Opp'n Mem. 7.)

Other than asking this Court to draw the inference that a working backup alarm should have notified Plaintiff of the forklift, Defendants have offered no evidence that Plaintiff heard, saw, or was in any other way alerted to, the forklift. *See Hoey v. City of New York*, 813 N.Y.S.2d 533, 534 (App. Div. 2006) (granting the plaintiff summary judgment on the issue of liability where evidence establishing that the plaintiff-pedestrian was looking straight ahead and did not see the bus before it struck him was "sufficient to establish a lack of carelessness on [the plaintiff's] part"). The evidence is to the contrary. Plaintiff testified during his deposition that the street was very noisy at that time of day, with noise coming from four lanes of traffic, forklifts at Queen's Lumber, and cement trucks at the neighboring cement mixing company and that, although he might have heard noises at the time of the accident, he did not recall hearing any beeping noises coming from the forklift driven by Defendant Vigil. (Brill Dep. 57:16–24.) Defendants have offered no evidence to show that Plaintiff was negligent in not reacting to one of many alarm type noises in his vicinity. *See Garcia*, 781 N.Y.S.2d at 93 (stating that "[m]ere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient to raise a triable issue of fact" regarding Plaintiff's alleged comparative negligence (internal quotation marks omitted)).

Even assuming there was some evidence from which this Court could infer that Plaintiff was alerted to the forklift, there is no evidence in the record to suggest that Plaintiff had an opportunity to escape the forklift's path, or that Plaintiff was acting unreasonably or carelessly at the time of the accident. *See, e.g.*, *Allison*, 812 F. Supp. 2d at 570 ("Merely seeing the negligent driver shortly before a collision does not by itself suggest that the [plaintiff] had an opportunity to avoid colliding with the [defendant] or acted negligently in any other manner. . . . [and is] not a sufficient basis for a reasonable jury to conclude that [the plaintiff] acted negligently." (internal

citations omitted)); *see also Pacho v. Enter. Rent-A-Car Co.*, 572 F. Supp. 2d 341, 348 (S.D.N.Y. 2008) (finding that the defendant had raised a genuine issue of material fact regarding the plaintiff's negligence, where the defendant provided evidence tending to show that the plaintiff was negligently crossing against a green light and under the influence of narcotics at the time of the accident). Defendants' argument that Plaintiff failed to properly react to the forklift's backup alarm, and therefore was at least partially responsible for his own injuries, is not supported by any fact in the record and amounts to nothing more than mere speculation. *Hamilton v. King Tung Kong*, 940 N.Y.S.2d 901, 901 (App Div. 2012) (holding that the defendant's "unsupported speculation that the injured plaintiff was comparatively negligent was insufficient to raise a triable issue of fact"); *Barba v. Best Sec. Corp.*, 652 N.Y.S.2d 71, 72 (App. Div. 1997) (awarding summary judgment on the issue of liability to the plaintiffs where the defendants "failed to come forward with sufficient facts to raise a triable issue . . . as to any negligent conduct on the part of the [plaintiffs]"). Since Defendants have failed to raise an issue of material fact as to any negligence on Plaintiff's part, Plaintiff is entitled to summary judgment on the issue of liability.

### III. Conclusion

For the foregoing reasons, the Court grants Plaintiff's motion for summary judgment on the issue of liability.

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: March 27, 2013
      Brooklyn, New York